**Richard D. Dirksen et al., Appellants, v. Marshall O. Manning et al., Appellees.**

### Gen. No. 5336.

LIENS—*what essential to establish mechanic's lien.* In order to establish a right to a mechanic's lien a contract must be established by a preponderance of the evidence.

Mechanic's lien. Appeal from the Circuit Court of Stephenson county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed November 18, 1910.

LOUIS H. BURRELL and HAROLD D. JAMES, for appellants.

ROBERT B. MITCHELL, for appellees.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

Dirksen & Towslee, partners, filed an amended bill of complaint for a mechanic's lien on a lot of ground and dwelling house thereon in Freeport against Manning, the owner, and J. H. Wieman & Sons, a partnership. Manning answered, the master took and reported the testimony, and there was a decree dismissing the bill for want of equity, from which complainants below appeal. The amended bill charged a contract by appellants with Manning to furnish the

millwork to be used in the construction of the dwelling house which the Wiemans were then constructing thereon under a contract with Manning. Manning's answer denied any contract between appellants and himself, but alleged that appellants were sub-contractors under the Wiemans, and also that appellants had not taken the steps required of a sub-contractor to fix his lien within the time limited by statute therefor. The material question is whether Manning made an original contract with appellants to become responsible to them for the millwork they furnished.

Appellants admit that the Wiemans had the contract with Manning for the construction of the building and for the doing of all the work and furnishing of all the material except the plumbing, and that in September, 1906, they made a contract with the Wiemans to furnish the millwork for the building, and furnished some material to the Wiemans as sub-contractors. Dirksen testified that on October 8, 1906, he told Manning over the telephone that they would furnish no more millwork unless Manning agreed to be responsible therefor, and that Manning told them to proceed and furnish the work. Towslee testified to a conversation with Manning later the same day or the next day in which he attributes to Manning language apparently confirming that arrangement. This was all the evidence that appellants made a contract with Manning. Manning testified to conversations with Dirksen and Towslee at these times, but denied that they said they would not furnish the material unless he would be responsible therefor. Manning testified that he had never had any such conversation as they alleged with either of the appellants at any time, and denied that he had ever agreed to be responsible for the material they furnished. J. J. Wieman, Jr., who had sole charge of this contract for the Wiemans, testified that J. H. Wieman & Sons took the contract to build this house and furnish all material, except the contract

for plumbing, and that his firm let the contract for the millwork to appellants, and that so far as he knew appellants furnished the millwork to his firm under said sub-contract, and that he had no knowledge that appellants made any contract therefor with Manning. On January 21, 1907, appellants obtained from the Wiemans an order on Manning to · pay appellants $365.95 and charge the same to the account of the Wiemans. This paper is inconsistent with the present claim of appellants that they furnished this material under an express contract made by them with Manning, but is consistent with the position of appellees that appellants were sub-contractors only. Appellants seek to explain this by claiming that the order was not for the price of the material furnished to this building but for other indebtedness of the Wiemans to them on other jobs on which they were sub-contractors. On consideration of all the facts and figures in evidence, we think this explanation improbable. On March 21, 1907, appellants served on Manning a notice of their claim of lien for $385.95 in which they described themselves as sub-contractors under the Wiemans. This paper had been prepared for them by counsel whom they had employed to obtain a lien on these premises, and must be presumed to have been drawn pursuant to the facts then stated to counsel. Said counsel testified that until the demurrer was sustained to the original bill it was his opinion that they were entitled to a sub-contractors' lien. In June, 1907, appellants filed in the office of the clerk of the Circuit Court a claim of lien for $390.70 and $5 attorney's fees, in which they set up a sub-contract by appellants with the Wiemans to furnish the millwork, and that Manning, by said J. H. Wieman & Sons, contractors, agreed to pay them $400 therefor, and that they furnished the same, and also certain extra millwork, at the request of Manning, by said J. H. Wieman & Sons, contractors. They did not in that claim

for lien assert any contract with Manning except "by J. H. Wieman & Sons." They thereby meant that they had made their contract solely with J. H. Wieman & Sons, but they sought to bind Manning on the ground that the Wiemans were Manning's agents. In their original bill appellants claimed that while they were originally sub-contractors, yet on October 8 Manning and the Wiemans applied to them to furnish other millwork and that it was then agreed that appellants were to furnish the material to Manning or to the contractors, and they alleged that Manning and the contractors both owed them therefor. Under date of August 21, 1907, appellants wrote Manning that they had left the account with an attorney with directions if not settled at once to commence suit for a lien "as we do not seem to be getting any money from Mr. Wieman." Under date of December 5, 1907, appellants wrote Manning, enclosing a bill for $385.95 and insisting on Manning paying the order for $365.95 or they would start legal proceedings, as "Mr. Wieman has done nothing towards the payment of same." These letters implied that the Wiemans owed them for this material.

To enable appellants to obtain a lien under this amended bill, it was essential that they prove a contract with Manning on October 8, by a preponderance of the evidence. Their case rests solely on the testimony of the two appellants. It is at least equalled by the testimony of Manning and Wieman. All the documents prepared by appellants for many months thereafter ignore the existence of such a contract and claim only as sub-contractors. We cannot know what the real truth is, but it is clear from the foregoing statements of the evidence that we cannot say that the trial judge erred in refusing to find an original contract between appellants and Manning. The decree appears to be supported by the preponderance of the evidence. Appellants did not take the necessary steps

to establish a sub-contractors' lien till long after the time limited by law for so doing.

The decree is therefore affirmed.

*Affirmed.*